1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HECTOR PEREZ ENRIQUEZ,<br><br>                              Plaintiff,<br><br>     v.<br><br>BARBARA MADSEN, et al.,<br><br>                              Defendants. | No. C15-5065 BHS-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: April 3, 2015** |

        Plaintiff Hector Perez Enriquez, an inmate at the Coyote Ridge Corrections Center, filed

a 42 U.S.C. § 1983 complaint seeking declaratory and injunctive relief for alleged due process

violations by the nine justices of the Washington Supreme Court and two court commissioners.

Dkt. 6.  Under separate Order, Mr. Enriquez was granted leave to proceed *in forma pauperis*.

        The Court recommends that the complaint be dismissed without prejudice and without

leave to amend because any further amendment would be futile.  Mr. Enriquez's claims are not

cognizable under 42 U.S.C. 1983 because they relate to the validity of his state court convictions

and are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), the complaint makes allegations

against defendants who are immune from § 1983 liability, and this Court lacks jurisdiction to

issue the declaratory and injunctive relief requested.  The Court further recommends that the

dismissal be counted as a strike under 28 U.S.C. § 1915(g).

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Mr. Enriquez alleges that the nine justices of the Washington Supreme Court and two Washington Supreme Court commissioners have and are violating the due process clause of the Fourteenth Amendment because the justices are wrongfully delegating their authority to review criminal appeals on the merits to unelected court commissioners.  Mr. Enriquez claims that the commissioners have no authority to render judgments on the merits of criminal appeals and that they deny 100% of the claims referred to them because they must follow the ruling of the Washington courts of appeal.  Mr. Enriquez also claims that in his own criminal appeal, his motion for discretionary review by the Washington Supreme Court was denied on the merits by a Supreme Court Commissioner and that this denial violated his First Amendment right to access the courts, Sixth Amendment right to counsel, and Fourteenth Amendment right to equal protection.

Mr. Enriquez seeks declarations that the justices and commissioners lack statutory and constitutional authority to delegate and decide cases in this manner.  He also seeks a federal court injunction prohibiting court commissioners in the State of Washington from deciding Washington state court criminal appeals on the merits.  Dkt. 6.

**DISCUSSION**

Mr. Enriquez's complaint is brought under § 1983.  To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right.  *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between

REPORT AND RECOMMENDATION - 2

1    the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

2          Mr. Enriquez fails to state a viable § 1983 claim.  Initially, the Court notes that judicial

3    officers are immune from liability for damages and injunctive relief in a § 1983 action for acts

4    taken within their judicial jurisdiction.  *Pierson v. Ray,* 386 U.S. 547, 554-555 (1967).  In

5    addition, according to the Washington Rules of Appellate Procedure, while motions for

6    discretionary review filed in the Washington Supreme Court are determined initially by the

7    Supreme Court commissioner, a litigant may object to the ruling of the commissioner by filing a

8    motion to modify the ruling directed to the Washington Supreme Court justices.  *See* Rule

9    17.2(a) of the Washington Rules of Appellate Procedure.

10          Moreover, this Court lacks jurisdiction to issue the declaratory and injunctive relief

11   requested by Mr. Enriquez.  A federal district court does not have original jurisdiction to compel

12   state judicial officers to change the manner in which they determine state court criminal appeals

13   or to modify their rules of appellate procedure.  Nor does Mr. Enriquez have standing to seek

14   relief on behalf of all the other defendants whose petitions he claims were wrongfully denied.

15   To the extent Mr. Enriquez seeks relief as to the denial of his criminal appeal, he must seek relief

16   through the filing of a federal habeas petition.  A state prisoner is not entitled to damages or

17   injunctive relief in a § 1983 action regarding his conviction or sentence unless he can

18   demonstrate that his conviction or sentence has already been invalidated, expunged, or otherwise

19   impugned.  *Heck v. Humprhey,* 512 U.S. 477, 486-87 (1994).  Therefore, Mr. Enriquez must

20   challenge his allegedly illegal conviction in an action under 28 U.S.C. § 2254.

21                                         **CONCLUSION**

22          Where a pro se litigant's complaint fails to state a claim upon which relief can be granted,

23   the Court generally grants him the opportunity to amend the complaint.  *Lucas v. Dep't of*

REPORT AND RECOMMENDATION - 3

*Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect."  *Id*.  Here, it is clear that Mr. Enriquez must seek relief in habeas.  Mr. Enriquez would have to abandon the claims he has asserted and allege an entirely new cause of action based on an entirely new set of facts in order to proceed with this case.  This is more than the rule of liberally granting leave to amend would seem to require.  Accordingly, the Court concludes that it is not required to grant him leave to amend.

This case should be **dismissed without prejudice**.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 3, 2015,** as noted in the caption.

**DATED** this  16th  day of March, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4